Dr

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HAROLD M. NANCE,

                Plaintiff,

          -against-

NYC POLICE OFFICER PADUGHBE, Shield #641,
PCT 063, Tax #941-724, Brooklyn, New York; JOHN
DOE, 063 PCT; JANE DOE, 063 PCT; INEFFECTIVE
ATTORNEYS JANE DOE and JOHN DOE;
DIRECTOR PEGGY HEALY; ABRAHAM DAVIS
(S.W.); T.A. ALBERT; T.A. CASSIUS; DR. SAYHA;
DR. PAT; DR. JOHN DOE; DRS. JOHN and JANE
DOE,

                Defendants.
-------------------------------------------------------------------x

11-CV-583 (ARR)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

MEMORANDUM AND ORDER

ROSS, United States District Judge:

*Pro se* plaintiff Harold M. Nance, who is currently confined at Mid-Hudson Forensic Psychiatric Center ("M.H.F.P.S.") in New Hampton, New York, brings this action pursuant to 42 U.S.C. § 1983 ("§1983"). Plaintiff's application to proceed *in forma pauperis* is granted for the limited purpose of this Order. Plaintiff is granted leave to submit an amended complaint within thirty (30) days of the date of this Order.

## Background

The complaint consists of brief, nearly illegible entries on a form complaint. It is dated December 22, 2010 and was originally filed in the United States District Court for the Southern District of New York. It was transferred to this Court on January 14, 2011. In his Statement of Claim, plaintiff states that he was at the corner of Brooklyn Avenue and Utica Avenue on May 2, 2008, when he was approached by one female and three male police officers, including defendant Padughbe. He was arrested and taken to Rikers Island. (Compl. at 3.) The remainder of his

allegations are illegible.

The remaining defendants, unnamed attorneys and several individuals who appear to be officials at the M.H.F.P.S. are not named in the body of the complaint. The complaint states that some events occurred in Orange County at the M.H.F.P.S., but does not describe any additional events. (Compl. at 3.)

Plaintiff's claim for relief asks for "declaratory judgment without prejudice and or reversal to [illegible] me from blame." (Compl. at 4.) The remaining statements are illegible.

**Discussion**

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, 28 U.S.C. § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be

2

stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff's complaint fails to state a claim on which relief may be granted. He states only that he was arrested on May 2, 2008. If he intends to assert that the fact or circumstances of his arrest violated his constitutional rights, such a claim is not apparent from the legible portions of his complaint. Only one of the named defendants, Officer Padughbe, and John and Jane Doe defendants are named in conjunction with this incident. The other named and unnamed defendants are not further mentioned beyond the caption and statement of parties. Although plaintiff names officials from the M.H.F.P.S., he does not allege any harm arising from his confinement. In light of plaintiff's *pro se* status, the Court grants plaintiff leave to amend the complaint to identify a basis for this Court's jurisdiction, to clearly state how he was harmed, and to identify each defendant and describe his or her acts or omissions.

## Conclusion

The complaint as currently presented fails to state a claim against any defendant. In light of plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint within 30 days of the date of this order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this order. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. If plaintiff fails to file an amended complaint, the action shall be dismissed without prejudice and judgment shall enter. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good

faith and *in forma pauperis* status is therefore denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

ALLYNE R. ROSS
United States District Judge

Dated: March 1, 2011
       Brooklyn, New York

SERVICE LIST

<u>Pro Se Plaintiff</u>
Harold M Nance
#12243
Mid Hudson Psychiatric Center
Box 150
Bldg 3-31-32, Room Z
New Hampton, NY 10958